UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PLANTBIKES, LLC; dba RUGGED CYCLES, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-108 |
| | § | |
| BIKE NATION, INC., *et al*, | § § | |
| Defendants. | § | |

**ORDER ON DEFENDANTS' RULE 12(b) MOTION TO DISMISS**

Pending before the Court is Defendants First Pacific Holdings, Inc. ("First Pacific Holdings") and Media Nation Print LLC's ("Media Nation") Rule 12(b) Motion to Dismiss Plaintiff's Petition (D.E. 7). After careful consideration and for the reasons articulated below, the Court STAYS its decision on Defendants' Motion to Dismiss and GRANTS Plaintiff's request to conduct jurisdictional discovery.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff manufactures bicycles in Corpus Christi, Texas.  (D.E. 1, Exhibit B). Plaintiff's bicycles are not traditional bikes as they use a driveshaft instead of a chain, and solid tires to prevent flats.  (D.E. 1, Exhibit B).  Defendant Bike Nation, Inc. ("Bike Nation") provides bike sharing programs in major cities. (D.E. 1, Exhibit B).  Bike sharing programs involve placing bicycles at stations throughout the participating city so that they are available for paying customers. (D.E. 1, Exhibit B).  In 2010, Plaintiff and Defendant Bike Nation began negotiations for Plaintiff to become the exclusive supplier of bicycles to Bike Nation.  (D.E. 1, Exhibit B).  Plaintiff and Bike Nation entered into a

nondisclosure agreement to protect Plaintiff's confidential information. (D.E. 1, Exhibit B).  On February 2, 2012, Plaintiff and Bike Nation executed a written contract where Bike Nation agreed to order a minimum of 1,500 bicycles from Plaintiff in the first year at a cost of $1,875 per bicycle and additional bicycles in subsequent years.  (D.E. 1, Exhibit B). According to Plaintiff, the business relationship broke down when Bike Nation failed to order the agreed number of bicycles, violated the nondisclosure agreement, and used Plaintiff's protected information in manufacturing bicycles. (D.E. 1, Exhibit B).

Plaintiff filed suit in the 117th Judicial District Court of Nueces County, Texas on March 5, 2013 against Defendants Bike Nation, First Pacific Holdings, and Media Nation for breach of contract, misappropriation of trade secrets, violations of the Texas Theft Liability Act, fraud, tortious interference, and conspiracy.  (D.E. 7, p. 1).  Defendants removed  the action to the United States District Court for the Southern District of Texas, Corpus Christi Division, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(a).  (D.E. 7, p. 2).  Plaintiff is organized under the laws of Texas. (D.E. 1, Exhibit B).  Defendant Bike Nation is a Delaware Corporation with headquarters and address for service of process in Tustin, California.    (D.E. 1, p. 4).  Defendant First Pacific Holdings is a California corporation with its headquarters and address for service of process in Tustin, California. (D.E. 1, p 4).  Defendant Media Nation is a California company and shares the same physical address as the other two defendants. (D.E. 1, p. 4).

Defendants First Pacific Holdings and Media Nation moved to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that the Court lacks personal jurisdiction over these nonresident Defendants. (D.E. 7).  Defendant Bike Nation did not join in the motion to dismiss.

Plaintiff argues that Defendants waived their objection to the Court's exercise of jurisdiction over them when they agreed to an extension of a temporary restraining order entered by the 117th Judicial District Court of Nueces County, Texas without any reservations.  Plaintiff alternatively argues that it should be allowed to conduct discovery of jurisdictional facts because Defendants have the same principals, use the same agents for service of process, and have the same address.  Plaintiff alleges that Defendants First Pacific Holdings and Media Nation purposefully availed themselves to Texas, acting in concert with Defendant Bike Nation to commit a tort in Texas, or alternatively, these companies are alter egos of Bike Nation.[1]   (D.E. 1, Exhibit B).

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action where the Court lacks personal jurisdiction over a defendant. The plaintiff bears the burden of proving that a nonresident defendant is subject to the Court's jurisdiction. *Jones v. Petty–Ray Geophysical, Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir. 1992). A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as permitted under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Pervasive Software, Inc. v. Lexware*

---

[1]  Plaintiff also alleges that First Pacific Holdings is solely owned by Bradley Barlow and Navin Narang and that First Pacific Holdings owns both Bike Nation and Media Nation.   Plaintiff further alleges that Mr. Barlow and Mr. Narang own and control Bike Nation and Media Nation. (D.E. 1, Exhibit B).

*GMBH & Co. KG,* 688 F.3d 214, 220 (5th Cir. 2012). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Mullins v. TestAmerica Inc.,* 564 F.3d 386, 398 (5th Cir. 2009) (quoting *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008)). To satisfy the requirements of due process, the plaintiff must demonstrate: "(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994)).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski,* 513 F.3d 476, 484 (5th Cir. 2008). Specific jurisdiction exists when the plaintiff's claim against the nonresident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state. *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In contrast, general jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

## III.    APPLICATION OF THE LAW TO THE FACTS

### A.    Defendants did not waive their objection to the Court's exercise of jurisdiction.

Whether Defendants' actions before removal waived their objection to personal jurisdiction is resolved under Texas law because state rules and procedures control until

removal.  The federal court, upon removal, simply "takes the case up where the state court left it." *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 436, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *see also Mobil Oil Co. de Venezuela v. Jimenez,* 948 F.2d 1282 (4th Cir. 1991) (unpublished) (holding that state law applied to determination of whether party waived objection to personal jurisdiction by actions taken before removal). "Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of [the Federal Rules]." *Nationwide Eng'g & Control Sys., Inc. v. Thomas,* 837 F.2d 345, 347-48 (8th Cir. 1988). Before removing to federal court, a defendant may lose his right to challenge personal jurisdiction if he has taken any action in the state court that under state law would waive that right. *See id.*

Texas law distinguishes between a special and a general appearance by a nonresident defendant. A special appearance may be filed "prior to motion to transfer venue or any other plea, pleading or motion." Tex. R. Civ. P. 120a(1).  "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id.* By filing a general appearance in Texas state court, a nonresident defendant submits to the exercise of personal jurisdiction by the Texas court. *Morris v. Morris,* 894 S.W.2d 859, 862 (Tex.App.-Fort Worth 1995, no writ). Texas Rule of Civil Procedure 120a(1) states that the "use of discovery processes" is not a general appearance and "shall not constitute a waiver of [the] special appearance."

Texas courts have held that appearing at a hearing on an application for a temporary restraining order, filing a motion for continuance, and filing discovery motions

are not general appearances that waive personal jurisdiction objections. *See, e.g.,* *Silbaugh v. Ramirez,* 126 S.W.3d 88, 93-94 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (holding that a motion to stay discovery and a motion to quash deposition were a "use of the discovery process" that did not waive the right to make a special appearance, even if the discovery was unrelated to the special appearance); *Turner v. Turner,* No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex.App.-Houston [14th Dist.] Jan. 25, 1999, no pet.) (holding that an appearance at a temporary restraining order hearing was not a general appearance that waived the personal-jurisdiction objection because the purpose of the hearing was merely to preserve the status quo and not to litigate the merits).  Based on the information currently before the Court, Defendants First Pacific Holdings and Media Nation do not appear to have made a general appearance in Texas state court and therefore, did not waive their objection to personal jurisdiction before removal.

      **B.**    **Jurisdictional discovery is appropriate to determine whether the Defendants are subject to the jurisdiction of this Court.**

Plaintiff alleges that Defendants First Pacific Holdings and Media Nation have the same principals, use the same agents for service of process, and have the same address. (D.E. 13).  Plaintiff contends that acts of the common principal were conducted in the state of Texas and support the conclusion that this Court's exercise of personal jurisdiction is appropriate.  (D.E. 13).  Plaintiff further argues that it will be able to supplement its jurisdictional allegations by deposing the corporate representatives of First Pacific Holdings and Media Nation.  (D.E. 13).  In light of the minimum contacts analysis and the apparent connection of the Defendants to each other, the Court finds that Plaintiff is entitled to take jurisdictional discovery to determine whether this Court has

personal jurisdiction over Defendants First Pacific Holdings and Media Nation. *See Trintec Industries, Inc. v. Pedre Promotional Products., Inc.,* 395 F.3d 1275, 1283 (Fed.Cir. 2005) (holding that jurisdictional discovery is appropriate where existing record is inadequate to support personal jurisdiction and party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.,* 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

Accordingly, the Court STAYS its decision on Defendants' Motion to Dismiss for lack of personal jurisdiction (D.E. 7) and ORDERS Plaintiff to conduct jurisdictional discovery by September 16, 2013.  The Court ORDERS Plaintiff to file a supplemental response to Defendants' Motion to Dismiss by September 30, 2013.  The Court ORDERS Defendants First Pacific Holdings and Media Nation to file a supplemental reply by October 14, 2013.

ORDERED this 15th day of July, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE